## GEORGE WASHINGTON v. THE STATE.

*No. 2743.  Decided March 8.*

1.  **Practice—Charge of the Court.**—Section 12 of the Act of April 2, 1889, entitled "An act to provide for the more efficient government and maintenance of the House of Correction and Reformatory at Gatesville," provides that "the jury convicting shall say in their verdict whether the convict shall be sent to the reformatory or the penitentiary." It further limits to confinement in the reformatory a convict who is not more than sixteen years old, and whose term of imprisonment is assessed at not more than five years. This act is mandatory, and it devolves upon the trial court, in the trial of infant offenders, to give it in charge to the jury.

2.  **Same.**—In this case—the trial being for theft—the evidence showed the defendant but thirteen years old. The charge of the court as to penalty instructed the jury to assess imprisonment in the penitentiary if they found the defendant guilty. A verdict of guilty with four years in the penitentiary was returned, and sentence to the reformatory was entered by the court. *Held*, that the charge as given, and the omission to charge the provisions of section 12 of the Act of April 2, 1889, constituted fundamental error.

3.  **Same—Constitutional Law.**—To the constitutionality of section 12 of the Act of April 2, 1889, the State objects that it is not embraced within the subject of the act as expressed in the title, as required by section 35 of article 3 of the Constitution, and that it is not an amendment to any provision of our Code, and that it was not within the power of the Legislature to alter or in any way change the provisions of the Code except by amendment enacted in accordance with article 3 of the Constitution. But *held*, that the positions are not well taken, and the enactment is constitutional.

APPEAL from the Criminal District Court of Galveston. Tried below before Hon. C. L. Cleveland.

The opinion fully discloses the case.

*W. L. Wilson,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.—It was shown by the evidence, and so found by the verdict of the jury, that the defendant at the time of the trial was thirteen years of age.

By the charge of the court the jury were instructed that if they found the defendant guilty of theft of property of value of $20 or over that amount, they would assess his punishment at confinement in the penitentiary, and the jury having found the defendant guilty, assessed his punishment at confinement in the penitentiary for the term of four years. Upon this verdict the court rendered judgment that the defendant be confined in the House of Correction and Reformatory for said term, and the sentence is in accordance with the judgment.

By section 12 of the Act of April 2, 1889, entitled "An act to provide for the more efficient government and maintenance of the House of Correction and Reformatory at Gatesville" (Acts 21st Leg., p. 97), it is pro-

vided that "the jury convicting shall say in their verdict whether the convict shall be sent to the reformatory or the penitentiary."

This provision of the statute was doubtless overlooked by the learned trial judge, and he did not in his charge inform the jury that they should determine and say in their verdict whether the defendant should be sent to the reformatory or the penitentiary. But he instructed the jury that the place of punishment was the penitentiary, and the jury found in accordance with such instruction.

We are of the opinion, and so hold, that the charge of the court in the particular above mentioned is erroneous and insufficient. It should have told the jury that if they found the defendant guilty, and found that he was not more than sixteen years of age, they should further find, and state in their verdict, whether he should be sent to the reformatory or the penitentiary, and that the place of his punishment would be determined by the period of confinement assessed by them—that is, if the period of confinement should be assessed at five years or less, he would be sent to the reformatory, but if at more than five years, he would be sent to the penitentiary. We think the provision of the statute we have quoted is mandatory, and though to our minds it is an unnecessary provision, still it is the law, and a part of the law of this case, and should have been contained in the charge. Doran v. The State, 7 Texas Ct. App., 385.

It is claimed, however, by the Assistant Attorney-General that said provision of the statute is unconstitutional because it is not embraced within the subject of the act as expressed in the title of said act. Const., art. 3, sec. 35. We are of the opinion that said section is germain and subsidiary to the main subject of the act as expressed in the title of said act, and is not, therefore, in violation of the Constitution. Fahey v. The State, 27 Texas Ct. App., 146.

It is further claimed by the Assistant Attorney-General that said section of the statute is not an amendment to any provision of our code, and that it was not within the power of the Legislature to alter or in any way change the provisions of the Code except by amendment enacted in accordance with section 36 of article 3 of the Constitution. It would, perhaps, have been the better way to have enacted said section 12 as an amendment to the Code, but we are not aware of any constitutional requirement to that effect, or of any constitutional limitation upon the power of the Legislature that would render the section in question invalid.

Because of the fundamental defect in the charge of the court, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Hurt, J., absent.